UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LUIS ALMARAL,

    Plaintiff,                                                   COMPLAINT

vs.

M&G PARKING, LLC, a Florida limited
liability company, and ANDREW MIRMELLI,
an individual,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff LUIS ALMARAL ("Plaintiff"), who was an employee of Defendants M&G PARKING, LLC, a Florida limited liability company, and ANDREW MIRMELLI, an individual ("Defendants"), by and through undersigned counsel, and files this Complaint for unpaid minimum and overtime wages, liquidated damages, declaratory relief and attorney's fees and costs, and states as follows:

### **I.    JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts business in this District; because all wages were earned and due to be paid in this District; because Defendant's business is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## II. PARTIES

3. Plaintiff LUIS ALMARAL ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant M&G PARKING, LLC ("M&G") is a Florida limited liability company that has employed Plaintiff, with its principal address being 1501 Collins Avenue, Unit CU-001, Miami Beach, Miami-Dade County, Florida.

5. Defendant ANDREW MIRMELLI ("Mirmelli"), an individual and *sui juris*, was the owner and operator of M&G PARKING, LLC ("M&G"), the valet parking company at which Plaintiff was employed. Mirmelli acted directly and indirectly in the interest of M&G. Mirmelli managed M&G and had the power to direct employees' actions. Mirmelli had management responsibilities, degree of control over M&G's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at M&G in accordance with the FLSA, making Defendant Andrew Mirmelli an employer pursuant to 29 USC § 203(d).

6. At all times material, Plaintiff was an employee of Defendants.

## III. COVERAGE

7. During all material times, Defendant M&G was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

9. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.   FACTUAL ALLEGATIONS

10. Defendants operate the M&G Parking company, with its principal location at 1501 Collins Avenue, Unit CU-001, Miami Beach, Miami-Dade County, Florida.

11. Plaintiff worked as a counselor for Defendant from February, 2014 to December, 2016.

12. During the last three years under the FLSA ("Relevant Time Period"), the applicable Florida minimum wage was $7.93 per hour in 2014, and $8.05 per hour in 2015 and 2016.

13. During the Relevant Time Period, at various times Plaintiff's regular rate of pay was $8.00 or $9.00, making his overtime rate of pay $12.00 or $13.50.

14. Throughout the Relevant Time Period, Defendant "shaved" compensable work hours from Plaintiff's pay.

15. Throughout the Relevant Time Period, Defendant willfully and intentionally did not pay Plaintiff for all hours worked.

16. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## COUNT I
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

17. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

18. Defendant hired Plaintiff to work as an hourly, non-exempt employee.

19. Defendant willfully and intentionally suffered or permitted Plaintiff to work more than forty hours per week without paying him for all hours worked.

20. By suffering or permitting Plaintiff to perform work-related duties in excess of forty hours per week without compensating him for all hours worked, Defendant owes Plaintiff one-and-a-half times his regular rate of pay for each hour worked and unpaid in excess of forty hours in a week.

21. As a direct and proximate result of suffering or permitting Plaintiff to perform work-related duties in excess of forty hours per week without compensating him for all hours worked, Plaintiff has been damaged for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff LUIS ALMARAL demands judgment in his favor and against Defendants M&G PARKING, LLC and ANDREW MIRMELLI as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per week at one-and-a-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all overtime hours at one-and-a-half times his regular rate of pay;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## COUNT II
## FAILURE TO PAY MINIMUM WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

22. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

23. Defendant hired Plaintiff to work as an hourly, non-exempt employee.

24. Defendant willfully and intentionally suffered or permitted Plaintiff to work up to forty hours per week without paying him for all hours worked.

25. By suffering or permitting Plaintiff to perform work-related duties up to forty hours per week without compensating him for all hours worked, Defendant owes Plaintiff the minimum wage for each hour worked and not paid up to forty per week.

26. As a direct and proximate result of suffering or permitting Plaintiff to perform work-related duties up to forty hours per week without compensating him for all hours worked, Plaintiff has been damaged for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff LUIS ALMARAL demands judgment in his favor and against Defendants M&G PARKING, LLC and ANDREW MIRMELLI as follows:

a) Award to Plaintiff for payment of all hours worked and not paid up to forty per week at the Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all minimum wage hours worked and not paid;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

# COUNT III
## DECLARATION OF RIGHTS

27. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

28. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

29. Defendants did not rely on a good faith defense in not paying Plaintiff for all hours worked under the FLSA.

30. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

31. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE Plaintiff LUIS ALMARAL demands entry of judgment in his favor and against Defendants M&G PARKING, LLC and ANDREW MIRMELLI as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 24th day of January, 2017.

> By: **s/Robert W. Brock II**
> Robert W. Brock II, Esq.
> Florida Bar No. 75320
> robert@kuvinlaw.com
> ALMARALgal@kuvinlaw.com
> *Law Office of Lowell J. Kuvin*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800
> Fax: 305.358.6808
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **January 24, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of E-Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

> By: **s/Robert W. Brock II**
> Robert W. Brock II, Esq.
> Florida Bar No. 75320
> robert@kuvinlaw.com
> *Law Office of Lowell J. Kuvin*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800
> Fax: 305.358.6808
> *Attorney for Plaintiff*

**ALMARAL v. M&G PARKING, LLC and MIRMELLI**
**CASE NO.:**

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808